ALMON, Justice
(concurring in the result).
I agree that Gentry cannot be retried for capital murder. However, I do not agree that Ex parte Gentry, 689 So.2d 916 (Ala.1996) (“Gentry III ”), “incorrectly stated the law of this State” 727 So.2d at 145, or that “the decision in Gentry III was erroneous,” 727 So.2d at 145. On the contrary, I think the majority errs in this case and that it erred in Davis v. State, [Ms. 1961993, January 8, 1999] — So.2d - (Ala.1999), in criticizing and overruling Gentry III. See my dissent in Davis v. State, — So.2d at -, for the reasons why I think the majority errs in overruling Gentry III.
I note that precluding a retrial for capital murder does not bar Gentry’s being sentenced for his conviction for murder. Gentry is guilty of murder, and nothing in this Court’s opinion in Gentry III calls into question his conviction for murder. Only his conviction for capital murder has been set aside. It appears to me that after this Court issued its remand order in Gentry III the proper thing would have been for the Court of Criminal Appeals to remand the cause to the circuit court for the circuit court to sentence Gentry for his murder conviction. The imposition of such a sentence is still the proper next step in this prosecution.
SHORES, KENNEDY, and COOK, JJ., concur.